UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____

BTM COACHES INC.,

    Plaintiff,

vs.

BROWARD COUNTY, FLORIDA,

    Defendant.

_____/

## COMPLAINT

Plaintiff, BTM COACHES INC, sues the Defendant, BROWARD COUNTY, FLORIDA, and alleges:

1. This is an action brought by an interstate bus line against Broward County Florida for a judgment declaring that the County's regulations requiring Plaintiff to purchase a "Port Business Permit" before ferrying passengers to ships docked at Port Everglades are expressly preempted by the Federal Aviation Administration Authorization Act of 1994 (FAAAA), 49 U.S.C. § 14501(c)(1), and requesting an Injunction prohibiting the County from further attempts to enforce the preempted local regulations.

## JURISDICTION AND VENUE

2. Plaintiff, BTM COACHES, INC., is a resident of Brevard County, Florida. It sells and provides passenger transportation by motor carrier. It is engaged in interstate commerce and subject to the jurisdiction of the Secretary and Department of Transportation. Plaintiff is fully licensed and qualified under Department of Transportation rules to transport passengers for hire throughout the entire United States.

3. Defendant, BROWARD COUNTY, FLORIDA, is a political subdivision of the State of Florida. The Defendant operates Port Everglades.

4. This Court has original jurisdiction in this action as it presents the Court with a federal question, arising under the laws of the United States, pursuant to 28 U.S.C. 1331. Jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for declaratory and injunctive relief. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

5. The acts which Plaintiff alleges are a violation of Federal

Aviation Administration Authorization Act of 1994 (FAAAA), 49 U.S.C. § 14501(c)(1), occurred in Broward County, Florida.

## COUNT I

6. This is an action brought Plaintiff against BROWARD COUNTY FLORIDA for a judgment declaring that the County's regulations requiring Plaintiff to purchase a "Port Business Permit" are expressly preempted by the Federal Aviation Administration Authorization Act of 1994 (FAAAA), 49 U.S.C. § 14501(c)(1).

7. Plaintiff is registered with the Department of Transportation to transport passengers for hire as provided in 49 U.S.C. § 13902, and was so registered throughout the time relevant to this Complaint.

8. Some time prior to the institution of this lawsuit Defendant passed Chapter 22 ½ of the "Code of Broward County," the "Motor Carriers Ordinance."

9. In 2011 bus lines registered with the U. S. Department of Transportation were cited for violations of the Port Everglades rules. After being provided documentation that they were exempted from the Port Everglades regulations, on November 8, 2011, Michael H. Linder,

the Supervisor of Defendant's Permitting, Licensing, and Consumer Protection Division dismissed pending citations on the ground the Broward County rules were preempted.

10.   On March 9, 2024 Plaintiff was engaged in the transportation of passengers engaged in international travel and was ferrying customers to a ship berthed in Port Everglades.

11.   Shortly after March 9, 2024 Plaintiff received a citation in the mail from Defendant contending it should be fined $5,000.00 for a violation of Section 22½-6D(a) of the Broward County Code.

12.   The relevant, preemption, portion of the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501(c)(1), provides:

> (1) Limitation on state law. - No State or political subdivision thereof and no interstate agency or other political agency of 2 or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to -
>
> (A) scheduling of interstate or intrastate transportation (including discontinuance or reduction in the level of service) provided by a motor carrier of passengers subject to jurisdiction under subchapter I of chapter 135 of this title on an interstate route;
>
> (B) the implementation of any change in the rates for such

transportation or for any charter transportation except to the extent that notice, not in excess of 30 days, of changes in schedules may be required; or

(C) the authority to provide intrastate or interstate charter bus transportation.

This paragraph shall not apply to intrastate commuter bus operations, or to intrastate bus transportation of any nature in the State of Hawaii.

13. Section 22½-6D of the Broward County Code provides:

Port Everglades-Business permits.

(a) No motor carrier shall engage in business at Port Everglades on or over Port Everglades property owned or leased by the County without a contract, license, lease, or permit issued by Broward County for operations at the Port. A Port Everglades Motor Carrier Business Permit (Business Permit) may be obtained from the Division. The Division may grant a Business Permit for any period of time up to one (1) calendar year. Such Business Permits shall be renewed by the Division each year upon payment of the fees and approval of its application.

(b) Business Permit application forms may be obtained from the Division. An application shall not be accepted and processed until the form is completed and the following documents and fees are received:

   (1) A fully completed application form;

   (2) A copy of a County or City Business Tax Receipt;

   (3) Insurance Certificate evidencing $500,000 of

          Commercial/General liability Insurance, Single Limit Bodily Insurance and Property;

(4) A current list of all vehicles owned, controlled, leased, or over which dominion is exercised or managed by the business and which will be used at the Port;

(5) Documentation for each vehicle listed in item 4 above, of a Certificate of Public Convenience and Necessity or operating permit from the County, or equivalent authorization from the County of origin;

(6) Fees as determined by the Board of County Commissioners;

(7) Documents which reveal and confirm the type of entity applying (i.e., articles of incorporation, partnership agreement); and

(8) Such other information as may be required by the Division which relate to the business or become an issue because of information provided by an applicant.

(C) In reviewing an application for a Business Permit, the County shall consider:

(1) The applicant's past performance including, but not limited to, compliance with County requirements, historical conformance with industry safety practices, and compliance with other applicable laws, rules, and regulations;

(2) The applicant's previous business history including, but not limited to, its managers' and

    employees' active involvement in the same or similar business activities;

  (3) The applicant's trustworthiness;

  (4) Whether the applicant or an officer, director, executive, or a shareholder, employee, or agent who is active in the management of the applicant, is found guilty or convicted of illegal conduct or activity (with or without an adjudication of guilt) as a result of a jury verdict, nonjury trial, entry of plea of guilty or nolo contendere where the illegal or activity (1) is considered to be a public entity crime as defined by Chapter 287, Florida Statutes, as amended from time to time, or (2) is customarily considered to be a white-collar crime or theft-related crime such as fraud, smuggling, bribery, embezzlement, or misappropriation of funds; or (3) Results in a felony conviction; and

  (5) Such other factors as the County may designate and which pertain to operating as a motor carrier in Port Everglades.

(d) The County may deny an application or not renew a Business Permit if it determines that:

  (1) The applicant or permittee has submitted false or misleading information;

  (2) The applicant or permittee violated the terms or conditions imposed by the Division, or has committed multiple, severe, or both, violations of the provisions of this Chapter;

  (3) The applicant or permittee has outstanding fines

    under this Chapter;

  (4) The applicant's or permittee's past performance has been unsatisfactory; or

  (5) The applicant or permittee has committed multiple, severe, or both, violations of this Chapter, or commission or omission, as may be applicable, of any of the issues listed above in (c).

(e) A denial of a permit or a failure to renew a permit by the Division may be appealed by an applicant as follows:

 Any applicant denied a Business Permit shall be provided with written notice of denial setting forth the facts, law, and reason(s) upon which the denial is predicated. The notice shall also contain a statement that the applicant has the right to a hearing before a Hearing Panel. In order to be granted such a hearing, the applicant must file a written request to the Director within thirty (30) days after receipt of the denial, and the notice of denial shall so state.

(f) If the applicant requests a hearing, the hearing shall be held within thirty (30) days of receipt of the request by the Director unless waived in writing by the applicant. Hearings shall otherwise be conducted in accordance with the procedures for Consumer Protection Board hearings. The applicant shall be provided with a notice of hearing, which shall include:(1)A statement of time and place for the hearing; and(2)A reference to the facts and relevant section of the Broward County ordinances or regulations upon which the denial is based. The reason(s) for the denial shall also be stated.

(g) Business Permit fees are established by resolution of the Broward County Commission and are published in the Broward County Administrative Code.

(h) The Business Permit initial application processing fee is a nonrefundable fee assessed the first time an application is made to the County for a permit, except as hereinafter provided. Business Permit holders who allow their permits to expire shall reapply and pay the initial processing fee. Such fee will not be refunded if a permit application is denied, not renewed, suspended, or revoked by the County for any reason.

  (1) In addition, a nonrefundable annual Business Permit fee is assessed for each calendar year as set forth in the Broward County Administrative Code.

  (2) Business Permits shall be issued on an annual basis and shall expire on June 30 each year. Fees will not be prorated.

  (3) The Board, by resolution, may waive, prorate, or modify fees or extend or modify the expiration date of Business Permits during a declared state or local emergency.

(i) All Business Permits shall be renewed in accordance with the application process provision of this Chapter. Renewal applications must be completed and filed prior to expiration of the Business Permit.

(j) All Business Permit holders must comply with the following:

  (1) The Business Permit holder shall pay for a Port Everglades decal for each vehicle operating at

    Port Everglades, and such decal shall be affixed to the windshield of the vehicle in such place as may be designated by the Division; and

   (2) The driver of a vehicle operating at Port Everglades shall have in his or her possession, available for inspection, a valid Chauffeur's Registration (or equivalent authorization) from the County of origin.

(k) The Business Permit holder shall maintain on file with the Division proof of insurance complying with the minimum requirements of at least the amount required by the State of Florida or this Chapter if higher or more coverage is required herein. Failure to maintain the insurance shall result in the immediate revocation of the Business Permit and revocation of all decals pursuant to Subsection 22½-13(b).

(l) The per vehicle rate for Port Everglades decals shall be determined by resolution of the Broward County Commission.

(m) The Port Everglades Director or designee may allow Broward County permitted luxury limousines and transport vans to perform on-demand for-hire transportation services for three (3) or more passengers at Port Everglades where the luxury limousines and transport vans are staged and dispatched on-demand during specific time periods when the Port Everglades Director or designee determines that no reasonable alternative transportation options exist for cruise passengers that have not prearranged their transfers out of the Port. All transport vans participating in this service must have signage on the exterior of the transport van that identifies the name and telephone number of the

permitted operator in three (3) inch lettering. The rates for those participating in the on-demand service shall be the same rates as those established by the on-demand share ride and limousine service at the Fort Lauderdale-Hollywood International Airport for transportation to Port Everglades, Miami International Airport, and Palm Beach International Airport. All participants must comply with all written rules and procedures including, but not limited to, where to be staged and how to be dispatched as prepared by the Port Everglades Department or the Permitting, Licensing and Consumer Protection Division. Those failing to comply with the rules and procedures may be excluded from performing on-demand service at Port Everglades.

14. On August 20, 2024, the Plaintiff reached out to the Defendant, pointing out that it was exempt from the county ordinance because Section 22½-6D of the Broward County Code was preempted by both the United States and the State of Florida.

15. On September 11, 2024, the Defendant rejected the Plaintiff's contention and demanded that it comply with Section 22½-6D of the Broward County Code when transporting travelers to and from Port Everglades.

16. On November 22, 2024 the Defendant was transporting passengers engaged in international travel to a vessel moored in Port Everglades.

17. Later that same day, November 22, 2024, Defendant was mailed a citation contending it was in violation of Section 22½-6D(a) of the Broward County Code and fining Plaintiff $5,000.00.

18. There is an actual controversy between the parties. The Defendant is issuing citations to Plaintiff and believes that Section 22½-6D of the Broward County Code applies to Plaintiff. The Defendant contends the Plaintiff owes it fines. Plaintiff, who is subjected to extensive and comprehensive regulations of the U.S. Department of Transportation, thinks that the ability of the Defendant to regulate it has been preempted by 49 U.S.C. § 14501(c)(1).

19. Under 28 U.S.C. § 2201 this courts has jurisdiction to address cases of actual controversy and declare "the rights and other relations of any interested party seeking such declaration."

20. Plaintiff is in need of a declaration of its rights.

WHEREFORE, the Plaintiff, BTM COACHES INC, respectfully requests that this Court enter a Final Judgment determining that Section 22½-6D of the Broward County Code is preempted by 49 U.S.C. § 14501(c)(1), and grant such other and further relief as is moot and just.

## COUNT II

21.     This is an action for an Injunction enjoining Defendant, Broward County, Florida, from enforcing Section 22½-6D of the Broward County Code against Plaintiff.

22.     Some time prior to the institution of this lawsuit Defendant passed Chapter 22 ½ of the "Code of Broward County," the "Motor Carriers Ordinance." This provision purports to impose regulations upon persons engaged in the transportation of passengers registered with the United States Department of Transportation.

23.     Plaintiff is registered with the Department of Transportation to transport passengers for hire as provided in 49 U.S.C. § 13902, and was so registered throughout the time relevant to this Complaint.

24.     The Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501(c)(1), prevents any "State or political subdivision thereof" from regulating persons engaged in the interstate transportation of travelers by motor coach.

25.     On March 9, 2024 Plaintiff was engaged in the transportation of passengers engaged in international travel and was

ferrying customers to a ship berthed in Port Everglades.

26. Shortly after March 9, 2024 Plaintiff received a citation in the mail from Defendant contending it should be fined $5,000.00 for a violation of Section 22½-6D(a) of the Broward County Code.

27. On August 20, 2024, the Plaintiff reached out to the Defendant pointing out that it was exempt from the county ordinance because of Broward County's attempt to regulate Plaintiff was preempted a higher Sovereign.

28. On September 11, 2024, the Defendant rejected the Plaintiff's contention and demanded that it comply with Section 22½-6D of the Broward County Code.

29. On November 22, 2024 the Defendant was transporting passengers engaged in international travel to a foreign-flagged cruise ship moored in Port Everglades.

30. Later that same day, November 22, 2024, Defendant was mailed a citation contending it was in violation of Section 22½-6D(a) of the Broward County Code and fining Plaintiff $5,000.00.

31. By citing the Plaintiff for violating regulations which are preempted by the laws of the United States, the Defendant has caused

Plaintiff to suffer an irreparable injury.

32. The remedies available at law, such as monetary damages, are inadequate to compensate for the Plaintiff's injury.

33. The remedy of an Injunction is warranted upon consideration of the balance of hardships between the plaintiff and defendant.

34. The permanent injunction being sought would not hurt public interest, and would, in fact favor the public.

WHEREFORE, the Plaintiff, BTM COACHES INC, respectfully requests that this Court enter a Final Judgment injoining the Defendant from enforcing Section 22½-6D of the Broward County Code against it and grant such other and further relief as is moot and just.

## COUNT III

35. This is an action brought Plaintiff against Broward County Florida for a judgment declaring that the County's regulations requiring it purchase a "Port Business Permit" are expressly preempted because the Plaintiff is a "Seller of Travel," registered in accordance with §559.928 Fla. Stat (2024).

36. This court has jurisdiction over this claim because this state

law claim, and the federal claims set out in Counts I and II derive from a common nucleus of operative fact.

37. A seller of travel is defined in §559.927(11) Fla. Stat. (2015). A seller of travel is one who provides "pre-arranged travel," "tour-guide services," or "tourist-related services." According to the staute prearranged travel, tourist-related services, or tour-guide services:

> includes, but is not limited to, car rentals, lodging, transfers, and sightseeing tours and all other such services which are reasonably related to air, sea, rail, motor coach, or other medium of transportation, or accommodations for which a purchaser receives a premium or contracts or pays prior to or after departure.

§559.937(7) Fla. Stat. (2024).

38. Plaintiff is registered with the Florida Department of Agriculture and Consumer Services to sell travel as provided in §559.938(1) Fla. Stat. (2024), and was so registered throughout the time relevant to this Complaint.

39. Section 559.939, is titled "State preemption," and the statute provides:

> No municipality or county or other political subdivision of this state shall have authority to levy or collect any registration fee or tax, as a regulatory measure, or to require the registration or bonding in any manner of any seller of travel who is registered or complies with all applicable provisions of this part, unless that

authority is provided for by special or general act of the Legislature. Any ordinance, resolution, or regulation of any municipality or county or other political subdivision of this state which is in conflict with any provision of this part is preempted by this part. The provisions of this section do not apply to any local business tax levied pursuant to chapter 205.

559.939 Fla. Stat. (2024).

40. On March 9, 2024 Plaintiff was engaged in the transportation of passengers engaged in international travel and was ferrying customers to a ship berthed in Port Everglades.

41. Shortly after March 9, 2024 Plaintiff received a citation in the mail from Defendant contending it should be fined $5,000.00 for a violation of Section 22½-6D(a) of the Broward County Code.

42. On August 20, 2024, the Plaintiff reached out to the Defendant pointing out that it was exempt from the county ordinance because of Broward County's attempt to regulated Plaintiff was preempted 559.939 Fla. Stat. (2024).

43. On September 11, 2024, the Defendant rejected the Plaintiff's contention and demanded that it comply with Section 22½-6D of the Broward County Code.

44. On November 22, 2024 the Defendant was transporting

passengers engaged in international travel to a vessel moored in Port Everglades.

47. Later that same day, November 22, 2024, Defendant was mailed a citation contending it was in violation of Section 22½-6D(a) of the Broward County Code and fining Plaintiff $5,000.00.

46. There is an actual controversy between the parties. The Defendant is fining the Plaintiff and issuing citations because BROWARD COUNTY, FLORIDA believes that Section 22½-6D of the Broward County Code applies to Plaintiff. Plaintiff thinks that the ability of the Defendant to regulate it has been preempted by §559.939 Fla. Stat. (2024) because the Plaintiff is registered as a Seller of Travel by the Florida Department of Agriculture and Consumer Services.

47. Under 28 U.S.C. § 2201 this courts has jurisdiction to address cases of actual controversy and declare "the rights and other relations of any interested party seeking such declaration."

48. Plaintiff is in need of a declaration of its rights.

WHEREFORE, the Plaintiff, BTM COACHES INC, respectfully requests that this Court enter a Final Judgment determining that Section 22½-6D of the Broward County Code is preempted by §559.939

Fla. Stat. (2024) and grant such other and further relief as is moot and just.

        /s/ Thomas H. Yardley
THOMAS H. YARDLEY
1970 Michigan Avenue, Bldg. D
Cocoa, FL 32922-5723
Florida Bar No.: 755222
Tel (321) 633-0400
Fax (321) 633-0512
Email: federalfiling@yardleylaw.net
Attorney for Plaintiff